38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald GEE, Plaintiff-appellant,
v.
James M. GAMBLE, Duane Shillinger, James Ferguson, and other
unknown officials, Defendants-Appellees.
 No. 94-8015.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Donald Gee, an inmate in the Wyoming State Penitentiary, brought an action under 42 U.S.C.1983 and other statutes advancing a variety of constitutional and statutory claims. Finding no genuine dispute as to any material fact, the district court granted defendants' motion for summary judgment. Of the many issues identified in his complaint, plaintiff argues only two on appeal: that he was denied his constitutional right to his legal materials, and that he has been impermissibly deprived of access to the prison law libraries. Because we hold that plaintiff has raised a genuine issue of material fact regarding whether he can indeed access at least the maximum security library, we affirm in part and reverse in part.
 
 
 4
 We agree that summary judgment was proper with respect to plaintiff's claims of illegal deprivation and/or confiscation of his legal materials. To the extent plaintiff alleged that defendants were responsible for the loss of his papers during his earlier transfer from a county jail in Kansas to the Wyoming facility, he has failed to support that allegation with anything but raw conclusory statements. He alleged no facts tending to establish that defendants were then responsible for his papers, and even stated in his complaint that his papers were lost by the "shipping party," I. R. tab 1 at 3.c, a reference, we assume, to the Kansas officials. To the extent plaintiff complains on appeal of a search and confiscation of materials allegedly occurring on April 18, 1991, that event occurred several months after this complaint was filed and is, therefore, irrelevant to this lawsuit.
 
 
 5
 Turning to plaintiff's claim regarding access to the prison's law libraries, we hold that plaintiff has raised a genuine issue of material fact regarding possible deprivation of his constitutional right to access the courts, see Bounds v. Smith, 430 U.S. 817, 828 (1977)(holding that inmates' constitutional right to access to the courts can be satisfied by the provision of either adequate law libraries or the assistance of trained legal personnel), sufficient to counter defendants' defense of qualified immunity.
 
 
 6
 Plaintiff alleges in his complaint that he cannot access "both" law libraries, I. R. tab 1 at 3.c, 3.d, and specifically that he cannot access the maximum security law library, id. at 3.c. To support this allegation and in response to defendants' motion for summary judgment, plaintiff submitted an affidavit in which he states:
 
 
 7
 I have no physical access to the prison's both law libraries despite the fact that I had submitted a numbered of request for access to the prison law libraries I was never allowed to go. The defendants says I have access to the prison law libraries, and as of this date I have not set foot in the prison's law library even though I had submitted a numbered of requests for access to the law library.
 
 
 8
 I R. tab 47 exh. 15 at 5.
 
 
 9
 In an affidavit in support of their motion for summary judgment, defendants confirm that plaintiff cannot access both libraries: he is barred from the minimum security library for security reasons. Appellant's App. at 24. Thus, defendants argue, because there is no issue of material fact regarding plaintiff's access to both libraries, summary judgment was also appropriate on plaintiff's court access claim. We find this argument too facile. While plaintiff's syntactical problems may provide the basis for a hypertechnical challenge to his pleadings, we reject such a constricted approach to this pro se plaintiff's obvious intent.
 
 
 10
 When faced with a defendant's motion for summary judgment based on the defense of qualified immunity, a plaintiff must come forth with facts sufficient to show that "the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988). Defendants do not argue that the law regarding prisoner access to law libraries is unclear or that their conduct, as alleged, did not violate that law. They simply dispute plaintiff's assertion that he is barred from the prison's maximum security library. Plaintiff's affidavit evidence to the contrary, therefore, is sufficient to raise a genuine issue of material fact regarding his constitutional claim. As such, it is also sufficient to preclude reliance on a defense of qualified immunity because it presents an issue of deprivation of a clearly established constitutional right of which a reasonable prison official would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The district court's grant of summary judgment on this issue was error.
 
 
 11
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED in part and REVERSED in part, and this case is REMANDED for further proceedings consistent herewith.[2] The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff's motion to strike portions of defendants' brief is denied; defendants' motion to strike portions of plaintiff's appendix is granted, see Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n. 1 (10th Cir.1992)(refusing to consider materials not submitted to district court)