F I L E D
United States Court of Appeals
Tenth Circuit

FEB 27 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT DUFFY,

       Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

       Defendants-Appellees.

No.96-8017
(Dist. of Wyoming)
(D.C. No. 94-CV-278)

RICHARD DOWDELL,

       Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

       Defendants-Appellees.

No. 96-8018
(Dist. of Wyoming)
(D.C. No. 94-CV-278)

CLARENCE FISHER,

        Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

        Defendants-Appellees.

No. 96-8019
(Dist. of Wyoming)
(D.C. No. 94-CV-278)

FRANK GARCIA,

        Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

        Defendants-Appellees.

No. 96-8020
(Dist. of Wyoming)
(D.C. No. 94-CV-278)

ALEX VOGEL,

        Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

        Defendants-Appellees.

No. 96-8021
(Dist. of Wyoming)
(D.C. No. 94-CV-278)

---

TERRY HUGHES,

        Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

        Defendants-Appellees.

No. 96-8022
(Dist. of Wyoming)
(D.C. No. 94-CV-278)

DONALD GEE,

   Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

   Defendants-Appellees.

No. 96-8023
(Dist. of Wyoming)
(D.C. No. 94-CV-278)


DAVID HARTLEY,

   Plaintiff-Appellant,

v.

JUDITH UPHOFF, DUANE
SHILLINGER, JAMES FERGUSON,
RONALD RUETTGERS, STANLEY
JAMES and MARYJANE RULE,

   Defendants-Appellees.

No. 96-8024
(Dist. of Wyoming)
(D.C. No. 94-CV-278)

## ORDER AND JUDGMENT[*]

Before, **SEYMOUR, PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Scott Duffy, Richard Dowdell, Clarence Fisher, Frank Garcia, Alex Vogel, Terry Hughes, Donald Gee, and David Hartley (hereinafter "the Appellants"), appeal from the district court's dismissal of their *pro se* 42 U.S.C. § 1983 complaints as frivolous under 28 U.S.C. § 1915(d) (1994).[1] This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Because the Appellants filed their notices of appeal on March 1, 1996, prior to the enactment of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), the Act's amendments to 28 U.S.C. § 1915 do not apply here. *White v. Gregory*, 87 F.3d 429, 430 (10th Cir.), *cert. denied*, 1996 WL 604229 (U.S. Dec. 2, 1996) (No. 96-6330).

The Appellants brought this suit in the United States District Court for the District of Wyoming alleging that certain officers of the Wyoming State Prison had violated the Appellants' rights to substantive and procedural due process, equal protection, and freedom from cruel and unusual punishment. According to the Appellants, the prison officials had arbitrarily and capriciously placed the Appellants in administrative segregation in an effort to "break[] their spirit." The district court dismissed the complaint as frivolous under section 1915(d), finding as follows: (1) the due process clause does not confer a liberty interest in placement within the general prison population; (2) Appellants had not identified an applicable state law creating such an interest; (3) Appellants' equal protection claim was conclusory and, therefore, did not state a claim; and (4) the conduct complained of, even if proved, did not state a claim under the Eighth Amendment. On appeal, Appellants contend that the due process clause does indeed create a substantive right to remain within the general prison population.[2]

---

[2]Appellants assert that their "claim here is primarily that of a violation of substantive due process." They also contend in passing, however, that "their placement in segregation violated their rights to procedural due process, equal protection and their right to be free from cruel and unusual punishment." Nevertheless, the Appellants have not provided any independent analysis or briefing of those claims. Accordingly, Appellants have waived consideration of these issues on appeal. *United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996) (holding that defendant waived consideration of issue on appeal by "failing to make any argument or cite any authority to support his assertion.").

-6-

A district court may dismiss an *in forma pauperis* complaint if it determines that the action is frivolous. 28 U.S.C. § 1915(d) (1994). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). That is to say, a complaint is frivolous if it is based on an "indisputably meritless legal theory" or on "clearly baseless" facts. *Id.* at 327. On appeal, construing *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995), this court reviews a section 1915(d) dismissal for abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995).

We conclude that the district court abused its discretion in dismissing Appellants' complaint as frivolous. Although this Circuit has yet to address the issue, at least two other courts have recognized the existence of a substantive due process claim post-*Sandin v. Connor*, 115 S. Ct. 2293 (1995). *See Birdo v. Smith*, No. 95-5970, 1996 WL 465031, at *4 (6th Cir. Aug. 13, 1996); *Smith v. McCaughtry*, Nos. 94-2743, 94-2930, and 95-2609, 1996 WL 137869, at *4-5 (7th Cir. Mar 19, 1996). Accordingly, this court is not prepared to say that the Appellants' substantive due process claims are based on an "indisputedly meritless legal theory."

Despite our conclusion that Appellants' complaint is not frivolous, we nevertheless affirm. Assuming, without deciding, that the substantive component of the Due Process Clause protects prisoners against arbitrary changes in their prison classifications, it is clear that the Appellants have not alleged facts rising to the high standard necessary to state such a claim. *Williams v. City & County of Denver*, 99 F.3d 1009, 1015 (10th Cir. 1996) (holding that plaintiff asserting substantive due process violation must assert egregious and outrageous conduct that is so fraught with unreasonable risk as to shock the conscience). We have reviewed in detail the acts alleged by the appellants and find neither the length of incarceration nor the conditions of administrative segregation sufficient to shock the conscience.[3]

Because Appellants' claims are not indisputedly meritless, we hereby **GRANT** their motion to proceed *in forma pauperis* on appeal. The judgment of

---

[3]We note that Appellants do not contend that an existing state regulation creates a liberty interest in remaining in the general prison population. Even if Appellants had identified such a regulation, it is far from clear that such a regulation would create a liberty interest in light of the recent decision in *Sandin v. Conner*, 115 S. Ct. 2293 (1995). Although *Sandin* recognized that prison regulations could potentially create a liberty interest protected by the Due Process Clause, it held that these interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 2300. Furthermore, confinement in administrative segregation is not the type of "atypical, significant deprivation" in which a liberty interest might be created. *Id.* at 2301.

the United States District Court for the District of Wyoming dismissing

Appellants' complaint is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge