F I L E D
United States Court of Appeals
Tenth Circuit

SEP 26 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BRIAN CAVENDER; RICHARD
DOWDELL; DONALD GEE;
DAVID R. HARTLEY; PATRICK
JOHN MCATEE; DERRICK R.
PARKHURST,

        Plaintiffs-Appellants,

   and

PAUL D. HOLMES; TERRY
HUGHES; JERRY SCHMIDT,

        Plaintiffs,

v.

JUDY UPHOFF; DUANE
SHILLINGER; STAN JAMES;
RONALD G. RUETTGERS; D.K.
PIPPIN, in their individual capacities,

        Defendants-Appellees.

No. 96-8067
(D.C. No. 95-CV-81)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants' deprived them of their property without due process, thus violating their rights under the Fourteenth Amendment. The magistrate judge recommended dismissal of the action for failure to exhaust administrative remedies. The district court adopted the magistrate judge's report and recommendation insofar as it recommended dismissal of two of the plaintiffs' claims for failure to exhaust their administrative remedies. The district court went on, however, to dismiss the complaint, as to all plaintiffs, as frivolous under 28 U.S.C. § 1915(d), concluding that plaintiffs had failed to state a cause of action under 42 U.S.C. § 1983.[1]

Deprivation of a prisoner's property by a state employee does not violate procedural due process rights if an adequate state post-deprivation remedy exists.

_____

[1]     The provisions of 28 U.S.C. § 1915(d) have been recodified at 28 U.S.C. 1915(e).

-2-

See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).  The district court cited

Wyo. Stat. Ann. §§ 1-39-112, 1-39-103(a)(iii), and 7-2-101(a)(iv)(H), in finding

that the State of Wyoming has waived sovereign immunity for torts resulting from

the actions of detention officers acting within the scope of their official duties,

and, therefore, an adequate state remedy exists to address plaintiffs' complaints.

On appeal, plaintiffs take issue with the adequacy and availability to them of the

state law tort remedy.  In their brief on appeal, defendants maintain that this court

does not need to determine hypothetically the availability of relief under state tort

law, because the Wyoming Department of Corrections Inmate Grievance

Procedure afforded plaintiffs an adequate postdeprivation remedy.

We review the district court's dismissal under § 1915(d) for an abuse of

discretion.  See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). Further,

we can affirm on any basis supported by the record.  See United States v.

Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).  A state's action of depriving a

prisoner of property without due process "is not complete until and unless it

provides or refuses to provide a suitable postdeprivation remedy." Hudson, 468

U.S. at 533.  Thus, plaintiffs were required to plead and prove the absence of an

adequate postdeprivation remedy in order to state a claim for violation of their

rights to due process in their § 1983 action.

Plaintiffs allege in their complaint that they should not be required to exhaust administrative remedies available to them because the inmate grievance procedure does not provide for monetary relief. Although not raised in the context of whether the prison grievance procedure provides an adequate postdeprivation remedy for purposes of Fourteenth Amendment due process rights, we will liberally construe this allegation as going to the inadequacy of the grievance procedure as a remedy to address the deprivation of property. The allegation that the grievance procedure does not provide for monetary relief is belied, however, by subsequent statements in the complaint where plaintiffs set forth facts indicating that certain of the plaintiffs were offered monetary compensation through the grievance procedure. In fact, the State of Wyoming Department of Corrections' Administrative Regulations provide that the inmate grievance procedure will provide for, among other remedies, restoration of or restitution for personal property. See App. to Appellees' Br., Ex. B, Administrative Reg. at 6. The State of Wyoming Department of Corrections' inmate grievance procedure received certification as in compliance with the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, see App. to Appellees' Br. at Ex. B, and it provides an adequate postdeprivation remedy for plaintiffs' complaints. See Hudson, 468 U.S. at 536 n.15; Al-Ra'id v. Ingle, 69

-4-

F.3d 28, 32 (5th Cir. 1995); <u>Phelps v. Anderson & Langford</u>, 700 F.2d 147, 149 (4th Cir. 1983).

Because plaintiffs do not plead and show the inadequacy or unavailability of postdeprivation remedies, we agree with the district court's conclusion that plaintiffs have not stated a cause of action under 42 U.S.C. § 1983. We AFFIRM the district court's dismissal under § 1915(d) as frivolous.[2] The applications to proceed in forma pauperis are granted, and all other outstanding motions are denied. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2] This appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).