F I L E D
United States Court of Appeals
Tenth Circuit

JUN 28 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RODNEY ALAN GUNDERSON,

Plaintiff-Appellant,

v.

JUDY UPHOFF, individually and in
her official capacity as Director of
the Wyoming Department of
Corrections; JIM DAVIS,
individually and in his official
capacity as the Wyoming Department
of Corrections Health Services
Administrator; JAMES FERGUSON,
individually and in his official
capacity as the Warden of the
Wyoming State Penitentiary;
WILLIAM HETTGAR, individually
and in his official capacity as
Associate Warden of the Wyoming
State Penitentiary; LT. PAINTER;
SGT. GARY HALTER; BLAKE
SMITH; RICK SHINKLE; GEORGE
REEDY; SCOTT ABBOTT; JOHN R.
HOLLOWAY; BEVERLY SHEAR;
WAYNE MARTINEZ, Correctional
Officers, in their individual
capacities; DR. FERGUSON, former
contract physician for the Wyoming
State Penitentiary; JOHN PEERY,
Wyoming State Penitentiary Contract
Health Care Unit Manager; DR.
KENNETH WILLIAM SCHULZE,
contract Health Care Provider for
Wyoming State Penitentiary; DR.
PAUL LONG, contract physician for

No. 99-8059
(D.C. No. 97-CV-35-B)
(D. Wyo.)

Wyoming State Penitentiary; CINDY FAULKNER, contract nurse supervisor for Wyoming State Penitentiary; JAN JONES, contract nurse for Wyoming State Penitentiary; NANCY SPERLING, former contract nurse for Wyoming State Penitentiary, all in their individual capacities; WEXFORD HEALTH SOURCES, INC., contract Health Care Provider, Wyoming State Penitentiary; RONALD G. RUETTGERS, Wyoming State Penitentiary Associate Warden; KEN KENNEDY, Wyoming State Penitentiary counselor; CORPORAL BISHOP; BRETT CHARLES TULLY; MARK BROWN; TOMMY BUSTOS; WENDY HALTER; MIKE HOWARD; WILLIAM BURR; MIKE KINGSLEY, Correctional Officers at Wyoming State Penitentiary, in their individual capacities,

Defendants-Appellees.

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, a prisoner incarcerated in the Wyoming State Penitentiary, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging a myriad of violations of various constitutional rights. The district court adopted the magistrate judge's report and recommendation and dismissed plaintiff's complaint with prejudice under Fed. R. Civ. P. 12(b)(6). Because the legal sufficiency of a complaint is a question of law, we review the Rule 12(b)(6) dismissal *de novo*. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Rule 12(b)(6) permits a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. "The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing the sufficiency of the complaint, we must presume the truthfulness of plaintiff's factual allegations and construe them in the light most favorable to him. *See id.* In addition, because plaintiff appears *pro se*, we must construe his pleadings liberally, holding him "to a less stringent standard than formal pleadings drafted

by lawyers." *Id.* at 1110. Guided by these standards, we affirm the district court's dismissal in part and reverse and remand in part. [1]

Excessive Force

Plaintiff claims that defendants violated his Eighth Amendment rights by using excessive force against him when he refused to submit to a haircut in accordance with prison policy. When plaintiff was brought to the penitentiary, officials informed him that, pursuant to prison policy, they were going to cut his hair. Plaintiff objected, stating that he was an ordained minister in the "Church of Christ Salvation Ministries" and that his naturalist religion prohibited him from cutting his hair. Prison officials transferred plaintiff to the infirmary, where he was locked in a cell while officials conferred. Shortly thereafter, Officer Painter approached plaintiff's cell, and plaintiff reiterated his religious objections to the haircut. At that point several other officers, outfitted in body armor and carrying shields and other extraction gear, approached plaintiff's cell door. Upon seeing

---

[1] We address the issues plaintiff raised in his brief on appeal. To the extent plaintiff raised issues in his complaint before the district court but did not argue them on appeal, he has waived those issues. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Specifically, plaintiff devoted a substantial portion of his complaint to specific grievances he filed and the prison officials' treatment of those grievances. He does not pursue those complaints in his brief on appeal and, therefore, we do not address them. We note, however, that the district court found he failed to state a claim in regard to those issues and, were we to address the issue, we would agree.

-4-

the armored officers, plaintiff feared for his safety and agreed, under duress, to proceed to the induction room for a haircut. In response, Officer Painter instructed plaintiff to back up to the cell door, kneel down, and stick his ponytail through the opening in the door. When plaintiff told Officer Painter that he could not bend down because of a knee injury and that he would go to the induction room for a haircut, Officer Painter ordered plaintiff to get away from the door. The armored officers then entered plaintiff's cell, and plaintiff pushed one of the officers' shields aside because the bolts protruding from the shield were pointing at plaintiff's eyes.

The remaining armored officers entered the cell, tackled plaintiff, and knocked him onto his back. Plaintiff rolled into a ball in an attempt to protect himself from harm. One of the officers cuffed plaintiff's right hand, and they rolled plaintiff onto his stomach while pulling on the cuffed wrist. At that point, plaintiff's right arm was pinned underneath him and pulled across his chest to his left shoulder. Two officers pinned down plaintiff's legs and one pinned his right side. Plaintiff alleged that Officer Holloway placed his feet against plaintiff's left hip and shoulder and deliberately and maliciously exerted full strength in pulling on the empty handcuff with the effect of pulling plaintiff's right hand past his left

shoulder, causing extreme pain.  Plaintiff further alleged that

> [a]t least one other Officer was maliciously, sadistically, wilfully and
> wantonly kicking [him] in the tail-bone, and groin area, and another
> was repeatedly kicking [him] in the left hip and kidney area, at which
> time Sgt. Halter[]  in a deliberate, intentional, violent, malicious,
> sadistic and barbaric manner, without regard for human life and with
> the intent to cause bodily harm, did a waist-high knee-drop directly
> landing at the center of the back of [plaintiff's] neck, which due to
> his being pinned cause a twisting of [plaintiff's] complete spine
> resulting in severe and immediate pain.

R. Vol. 1, tab 1 at 9.  Plaintiff stated that "[t]hese actions were not necessary for any restraint but were rather accomplished by . . . defendants for the specific purpose of causing pain and injury to [plaintiff]." *Id*. at 9-10.

The officers then dragged plaintiff out of the cell, chained him into a wheelchair, and transported him to the induction room where they cut his hair.  After the haircut, plaintiff was wheeled to the maximum security segregation block, where he was unchained and thrown into a cell.  Plaintiff alleged he was "then yanked to his knees and Officer Halter slammed his head into the cell wall, while he was ordered to strip." *Id.* at 10-11.  Finally, plaintiff alleged that

> [w]hile attempting to comply with the order to strip [plaintiff's]
> forehead was maliciously slammed into the wall twice more . . .,
> without any legitimate justification, but rather these three assaults
> were accomplished by these defendants for the specific purpose of
> causing pain and injury to [plaintiff] and have resulted in permanent
> scarring of his forehead.

*Id.* at 11.  In addition to detailing these allegations in the factual summary portion of his complaint, plaintiff summarizes the incidents in the portion of his

complaint labeled "Claims For Relief" and alleges that the physical force used by prison officials was deliberate, sadistic, and for the purpose of causing injury. *Id.* at 36, paragraphs (b)-(g).

"The use of excessive force by jail officials violates a prisoner's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause when the prisoner is subjected to an 'unnecessary and wanton infliction of pain.'" *Miller v. Glanz*, 948 F.2d 1562, 1566 (10th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In "non-emergency situations or when the State's responsibility to the prisoner does not clash with other equally important governmental responsibilities, . . . deliberate indifference is the appropriate Eighth Amendment standard." *Id.* at 1566-67 (quotations and citations omitted). In the case of a prison disturbance or emergency situation, however, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (adopting inquiry set out in *Whitley*). In finding that plaintiff failed to state a claim, the district court applied the *Whitley* test to all of plaintiff's allegations of excessive force. We agree that the *Whitley* inquiry governs at least the analysis of plaintiff's claim of excessive force that occurred in the infirmary cell. We are unable to determine from the complaint, however, what standard should govern the claim that officials used excessive force once plaintiff was in

the segregation block cell after having his hair cut.    *See Miller*, 948 F.2d at 1567 (stating that the court was unable to determine from the complaint whether prisoner continued to pose a legitimate threat to the officers and other prisoners at the time prisoner alleged a second incident of excessive force and, therefore, the court was unable to determine whether to apply the    *Whitley* standard or the deliberate indifference standard).

That does not deter our holding at this stage, however, because plaintiff's complaint, taken as true, sufficiently states a claim under either standard.    [2] Plaintiff's detailed allegations of force applied maliciously and sadistically by the various prison officials for the purpose of causing harm are sufficient to state a claim under even the heightened    *Whitley* standard.   *See id.*, 948 F.2d at 1567 (holding that specific allegations of force similar to those plaintiff alleges here were sufficient to state a claim under    *Whitley* standard).  On remand, it will be for the district court to make a further determination as to which standard applies to the claim of excessive force that occurred in the segregation block after plaintiff's hair had been cut.   *See id.*  Then, of course, the district court can conduct summary judgment proceedings and enter the appropriate findings and order at that stage.

---

[2]    The complaint states a claim for excessive force only against those defendants by whom plaintiff alleged personal involvement, namely defendants Painter, Holloway, Halter, Smith, and Martinez.

## Religious Freedom

Plaintiff alleges that defendants violated his First Amendment right to practice his religion by cutting his hair. He stated in his complaint that he objected to the haircut on religious grounds, he informed prison officials it was against his beliefs, and he was an ordained minister in the Church of Christ Salvation Ministries, a naturalist-based religion. These conclusory allegations justify the district court's dismissal for failure to state a claim. "Plaintiff did not accompany his allegation with any details about his religious faith, nor did he allege what tenet of his faith required that he refuse the [haircut]." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). [3] Neither did he include those

---

[3] Plaintiff argues that the deficiencies in his complaint could be cured by allowing him to amend and that dismissal with prejudice was, therefore, improper. It is true that dismissal without prejudice is the preferred route where a "plaintiff's factual allegations are close to stating a claim but are missing some important element" and the district court dismisses claims *sua sponte*. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *see also Hall*, 935 F.2d at 1110. The same reasoning does not apply in a situation such as in this case, however, where plaintiff had notice of his deficiencies by way of a motion to dismiss, plaintiff's response to the motion did not cure the deficiencies, plaintiff did not cure the deficiency in his objections to the magistrate judge's report and recommendation, and he made no attempt to amend his complaint before the district court ruled on the motion to dismiss. *Cf. Hall*, 935 F.2d at 1109-10 (stating that 12(b)(6) dismissal following a motion to dismiss gives plaintiff notice and opportunity to amend his complaint); *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989) (same).

necessary details in his objections to the magistrate judge's report and recommendation.

Due Process

Plaintiff complains that defendants took certain property from him and that the property deprivation violated his right to due process. If an adequate state remedy exists for the deprivation of the property, plaintiff cannot claim a due process violation. *See Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). Plaintiff argued in his objections to the magistrate's report and recommendation that he has no adequate state postdeprivation remedy because the Wyoming Governmental Claims Act grants immunity to public employees. Although the district court did not identify the adequate state remedy in its finding that plaintiff failed to state a claim of a due process violation because an adequate state remedy existed, we note that the Wyoming Governmental Claims Act waives immunity in certain instances. *See* Wyo. Stat. §§ 1-39-112, 1-39-103(a)(iii), and 7-2-101(a)(iv)(H); *see also Hudson*, 468 U.S. at 536 n.15. In addition, the prison grievance procedure, with which plaintiff is intimately familiar, provides an adequate state remedy. *See id.*; *Cavender v. Uphoff*, No. 96-8067, 1997 WL 602418, at **1 (10th Cir. Sept. 26, 1997) (unpublished). The district court was correct in dismissing plaintiff's claim of a due process violation resulting from deprivation of property.

-10-

<u>Deliberate Indifference to Medical Needs</u>

Plaintiff complains that his Eighth Amendment rights were violated by defendants' deliberate indifference to his medical needs. "A medical staff's deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eighth Amendment." *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (quotation omitted). The deliberate indifference standard has two components:

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

*Miller*, 948 F.2d at 1569 (citations and quotations omitted). We agree with the district court that some of plaintiff's complaints can be read as allegations that the medical provider was negligent in his or her diagnosis or choice of therapy, and that those complaints are not actionable. *See Green*, 108 F.3d at 1303. As plaintiff states on appeal, however, not all his allegations of deliberate indifference can be characterized as claims of negligent diagnosis or choice of therapy. In fact, most of his claims focus on the delay in diagnosis or treatment of his medical needs. Although we have held that "delay in providing medical care may constitute a violation of the Eighth Amendment," the circumstances

-11-

"have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems," and instances where "the delay results in a lifelong handicap or a permanent loss." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). Plaintiff's complaint alleges specific facts from which we conclude that any delay in medical treatment did not result in a violation of plaintiff's Eighth Amendment rights.

Access to Courts

Plaintiff claims defendants violated his right to access to the courts by denying him legal materials while he was in isolation. To state a claim for denial of a right of access, plaintiff must also establish injury resulting from the denial. *See Lewis v. Casey*, 518 U.S. 343, 351-54 (1996). The magistrate judge found that, other than stating he was denied legal materials in isolation, plaintiff did not indicate how he was injured by defendants' denying him access to the legal materials. In his objections to the magistrate judge's report and recommendation, however, plaintiff enumerated seven specific forms of injury that he alleged resulted from the denial of access to legal materials. R. Vol. I, tab 56 at 8. The district court, in its order adopting the report and recommendation, made no mention of the denial of access claim and did not acknowledge the specific allegations of injury enumerated in plaintiff's objections to the magistrate judge's report and recommendation. We express no opinion as to whether the injuries

alleged meet the standards of *Lewis*, but we are unable to discern whether the district court considered the specific allegations of injury and rejected them as insufficient under *Lewis*, or whether it consciously chose not to consider the allegations in the objections to the magistrate's report and recommendation for whatever reason. On remand the district court should address this issue.

<u>Threats</u>

Plaintiff alleged that defendants threatened him against filing grievances and in connection with denying him access to the courts. The district court was correct that plaintiff failed to state a claim upon which relief could be granted. To the extent that plaintiff complains that threats by prison officials violated his right to be free from cruel and unusual punishment, because plaintiff has not alleged the threats instilled in him "terror of instant and unexpected death," he does not state a claim under § 1983. *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).

<u>Conditions of Confinement</u>

Plaintiff alleged in his complaint that the conditions of his confinement in segregation violated his Eighth Amendment right to be free from cruel and unusual punishment. He alleged that he was housed in segregation for twenty-four days and was denied toilet paper for the first four days. He alleged that he was forced to lay on the cold concrete floor eighteen hours a day and was given a feces-smeared mattress with holes in it and half of a blanket for the remaining six hours a day. In addition, he claimed he was denied all personal hygiene items and that soap and shampoo were provided only every three days when he was allowed to shower. Finally, he alleged deprivation of socks, briefs, corrective lenses, eye drops, dentures, toothbrush, and toothpaste.

The standard by which we measure whether conditions of confinement violate a prisoner's Eighth Amendment rights is deliberate indifference. *See Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996). Conditions of confinement must be considered as a whole. *See id.* A condition of confinement violates a prisoner's constitutional rights if it deprives him "of the minimal civilized measure of life's necessities." *Id.* (quotation omitted).

In his report and recommendation, the magistrate judge acknowledged only the allegation that plaintiff was given a feces-smeared mattress. The magistrate judge found that plaintiff had not stated a claim that the segregation conditions

violated the Eighth Amendment because plaintiff did not allege that he brought the condition of his mattress to the attention of prison officials. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (holding that prison official can be found liable under the Eighth Amendment for denying inmate humane conditions of confinement only if official knows of and disregards excessive risk to inmate safety). However, plaintiff stated in his complaint that he had filed a grievance regarding the condition of his segregation confinement and that he had exhausted all his administrative remedies with respect to all his complaints. In addition, in his objections to the magistrate judge's report and recommendation, plaintiff stated that he did, in fact, complain about the mattress in his grievance regarding the conditions of his segregated confinement. On remand, the district court should revisit plaintiff's Eighth Amendment claim and address all of the alleged deprivations. [4]

---

[4] We note that the magistrate judge did address the alleged loss of privileges while in segregation, and we agree that plaintiff did not state a claim for violation of due process rights in that regard. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). The magistrate judge did not, however, with the exception of the feces-smeared mattress allegation, acknowledge plaintiff's other specific allegations surrounding his conditions of confinement claim, including the lack of toilet paper, personal hygiene items, and clothing.

Further, we note that, with regard to the alleged deprivation of those items, plaintiff asserts this conditions of confinement claim against only defendant Halter.

## Conspiracy

We agree with the district court that plaintiff has failed to state a claim for civil conspiracy under § 1983 because he did not "allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Plaintiff merely alleged many unlawful acts by various defendants and stated, without any specific facts evidencing an agreement among the various defendants, that they conspired against him.

## State Law Claims

The district court declined to exercise supplemental jurisdiction over plaintiff's state law claims because it dismissed all plaintiff's § 1983 claims. Because we hold that plaintiff's complaint states a federal claim under § 1983, on remand the district court should revisit whether to exercise jurisdiction over the pendant state law claims. *See Miller*, 948 F.2d at 1568.

Conclusion

We AFFIRM the district court's dismissal for failure to state a claim plaintiff's allegations of: (1) violation of his First Amendment right to religious freedom; (2) violation of his due process rights resulting from the deprivation of property and the conditions of his segregation confinement; (3) violation of his Eighth Amendment rights as a result of deliberate indifference to his medical needs; (4) violation of constitutional rights as a result of threats; and (5) conspiracy. We hold that plaintiff stated a claim for violation of his Eighth Amendment rights resulting from prison officials' use of excessive force and that the district court's dismissal of this claim under Rule 12(b)(6) was premature. We REVERSE the district court's dismissal of plaintiff's excessive force claim and REMAND for further proceedings. We also REVERSE the district court's Rule 12(b)(6) dismissal of plaintiff's claims that defendants denied him access to the courts and that they violated his Eighth Amendment rights as a result of the conditions of his segregation confinement. We also REMAND those claims for further consideration consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge