**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD GEE,

      Petitioner - Appellant,

v.

MICHAEL J. MURPHY, Warden,
Wyoming Department of Corrections
State Penitentiary,

      Respondent - Appellee.

No. 08-8088
(D.C. No. 08-CV-00193-CAB)
(D. Wyoming)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this proceeding.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case

is therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Donald Gee, an inmate at the Wyoming State Penitentiary, proceeding pro se, seeks a certificate of appealability ("COA") to appeal the dismissal of his petition for a writ of habeas corpus. The petition did not specify whether it sought habeas relief pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241.[1] It did cite the All Writs Act, 28 U.S.C. § 1651, which is not applicable here. Also without reference to a particular habeas statute, the district court dismissed the petition on the ground that it addressed only the conditions of Mr. Gee's confinement. Those conditions include his placement in long-term administrative segregation, a regression in his classification from "AD SEG IV to AD SEG III," and a finding of guilty with respect to a disciplinary charge filed against him on July 7, 2008. For the reasons stated below, we agree with the district court that Mr. Gee's complaints relate solely to the circumstances of his confinement and that a petition for a writ of habeas corpus, whether pursuant to § 2254 or § 2241, is an improper vehicle for redress of those claims. Accordingly, we deny a certificate of appealability and dismiss the matter.

---

[1] A COA is required in proceedings under both § 2254 and § 2241. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241).

## BACKGROUND

According to Mr. Gee, he has now served approximately twenty-eight years in prison for an aggravated robbery conviction. Documents which he submitted indicate that he will complete his minimum sentence on November 18, 2021, and that he has a parole board date sometime in the second quarter of 2009.

Mr. Gee has been before the Tenth Circuit on more than twenty occasions, either on appeals or attempts to appeal. Among those proceedings, in 1996, Mr. Gee brought a civil action pursuant to 42 U.S.C. § 1983 contending that certain officers at the Wyoming State Penitentiary violated his rights to substantive and procedural due process, equal protection, and freedom from cruel and unusual punishment, by arbitrarily and capriciously placing him in administrative segregation "in an effort to break his spirit." Duffy. v. Uphoff, No. 96-8017, 108 F.3d 341 (10th Cir. Feb. 27, 1997) (unpublished). That action was dismissed by the district court as frivolous, and the dismissal was affirmed by this court. See id.

In 1998, we dismissed as frivolous a combined appeal in two other civil rights actions filed by Mr. Gee, this time contesting, among other things, a lack of access to a law library. Gee v. Shillinger, Nos. 96-8124, 97-8033, 134 F.3d 382 (10th Cir. Jan. 27, 1998) (unpublished). In our opinion in that appeal, we imposed filing restrictions pursuant to 28 U.S.C. § 1915(g), as follows:

> We direct the clerk of this court not to accept any further appeals of judgments in civil actions or proceedings or any extraordinary writs in noncriminal matters, other than habeas, from Gee unless he pays the filing fees established by our rules.

Gee, 134 F.3d at 382.

Perhaps in response to those restrictions, Mr. Gee denominated his proceeding in this case as one seeking a writ of habeas corpus, notwithstanding the general similarity of the allegations in the present case to those raised in appeal Nos. 96-8017, 96-8124 and 97-803 referred to above, and other complaints of alleged civil rights violations.

In any event, Mr. Gee's petition in this case alleges that since March 16, 2005, he has been placed (apparently for non-punitive reasons) in administrative segregation at the Wyoming State Penitentiary "pending investigation into possible sleepwalking disorder, and until housing issues [are] resolved." Pet. ¶ 8. In addition, Mr. Gee asserts that he has been arbitrarily regressed from administrative segregation level IV to administrative segregation level III, resulting in a loss of privileges. Finally, the petition alleges that disciplinary charges were unfairly filed against him in July 2008 in retaliation for his complaints about a new system for awarding privileges and about his assignment to level III. He claims he was denied due process in the disciplinary proceedings because he was not allowed to call witnesses or to submit documentary evidence.

Mr. Gee's petition describes the root of his classification problems and assignment to a single-occupancy cell in administrative segregation, to be a sleep disorder which makes it impossible for him to control his behavior during rapid eye movement (REM) sleep. Mr. Gee allegedly walks in his sleep and, when asleep, trashes his cell and does injury to himself. Id. ¶¶ 17-20. Arguably, this disorder renders him incapable of sharing a cell with another inmate, so he insists on a single-occupancy cell. The petition further asserts that single-occupancy cells have not been made available to Mr. Gee in the general population because no such cells are available due to overcrowding.

The relief sought by the petition includes: referral to an outside sleep disorder specialist for a determination as to whether or not Gee's sleep walking requires single-cell occupancy in the general population, and for treatment; assignment to one of the two cells in the general population unit that are designated for single-cell occupancy (although allegedly not available due to the size of the prison population); expungement of the disciplinary guilty finding of August 1, 2008; an order protecting Mr. Gee from racism, discrimination and retaliation; and, a writ of habeas corpus releasing Mr. Gee from custody allegedly approximating "Supermax" confinement, and transferring him to the general prison population. Id. § VII(d)-(j).

The petition does not contain any allegation with respect to earned or good time credits; nor does it seek any relief with respect to such credits or anything

-5-

else relating to the duration of his sentence. Rather, as indicated above, Mr. Gee's complaints are limited to his classification within the prison, including privilege levels and assignment to administrative segregation, the imposition of discipline in August 2008, and alleged racism and retaliation.

## DISCUSSION

### A.

In order for this court to grant a COA, Mr. Gee must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A court need not pass on the constitutional issues raised by Mr. Gee if he cannot make a threshold showing that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

In reviewing Mr. Gee's pleadings, we must accord them the special solicitude applicable to pleadings filed by prisoners proceeding pro se. See, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

A proceeding seeking a writ of habeas corpus is subject to a predicate state court exhaustion requirement, and to the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). As to the former, Mr. Gee alleges that there is no state procedural mechanism which allows Wyoming courts to review the type of Wyoming Department of Corrections actions involved here. Pet. ¶¶ 28-30. Thus, exhaustion is impossible. As to the latter, we note that the one-year statute of limitations forecloses any review of Mr. Gee's assignment to administrative segregation in 2005, as set out in the petition. But, the petition renews these arguments with respect to actions taken in 2008.

**B.**

As the district court observed, and as set out above, Mr. Gee's petition deals only with the conditions of his confinement: indefinite housing in administrative segregation versus special single-cell occupancy housing in the general population; regression to special status level III, restricting privileges with respect to property and activity; lack of treatment for an alleged sleep disorder; and, procedure and result relating to disciplinary proceedings commenced in July 2008. The petition does mention, in passing, race, equal protection, and retaliation, but the allegations are conclusory, and, in any event, relate only to the circumstances just described. Nothing in the petition relates

-7-

directly to or questions the fact of Mr. Gee's conviction or the duration of his

sentence.

The Supreme Court has explained the role of habeas and civil rights actions

as follows:

> Federal law opens two main avenues to relief on complaints
> related to imprisonment: a petition for habeas corpus, 28 U.S.C.
> § 2254, and a complaint under the Civil Rights Act of 1871, Rev.
> Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the
> validity of any confinement or to particulars affecting its duration are
> the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475,
> 500 (1973); requests for relief turning on circumstances of
> confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S. 749, 750 (2004); see also Hill v. McDonough, 547

U.S. 573, 579 (2006).

Mr. Gee contends that the office of a writ pursuant to § 2254 is broad

enough to encompass petitions seeking a transfer from administrative segregation

to the general prison population. In support, he cites a § 2254 case, in which a

panel of the Seventh Circuit suggested that habeas (presumably § 2254) applies to

petitions where the prisoner is "seeking not earlier freedom, but transfer from a

more to a less restrictive form of custody." Graham v. Broglin, 922 F.2d 379,

381 (7th Cir. 1991). The opinion offered the following as a generalization:

> If the prisoner is seeking what can fairly be described as a quantum
> change in the level of custody—whether outright freedom, . . . or the
> run of the prison in contrast to the approximation to solitary
> confinement that is disciplinary segregation—then habeas corpus is
> his remedy. But if he is seeking a different program or location or
> environment, then he is challenging the conditions rather than the

-8-

fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or environment that he is challenging is more restrictive than the alternative that he seeks.

Id.

Even giving that dicta some weight here, it is distinguishable from Mr. Gee's assignment to administrative segregation for the past three-plus years, since the petition itself establishes that the assignment was not disciplinary but a purely administrative response to Mr. Gee's "medical" condition and single-cell occupancy needs. Regardless, the general proposition stated in Graham has not gained any significant traction, and, following the Supreme Court's opinion in Sandin v. Connor, 515 U.S. 472 (1995), it has been questioned. In Sylvester v. Hanks, 140 F.3d 713 (7th Cir. 1998), another panel of the Seventh Circuit reviewed a § 2254 case challenging an order transferring a prisoner to confinement in disciplinary segregation for three years. At the outset it expressed reservations about the propriety of using § 2254 as a vehicle to challenge the prisoner's changed custody status, stating:

> We confess to some doubt that this case should proceed under § 2254. Sylvester does not seek earlier release from custody. . . . Instead, he contends that his custody should take one form (the prison's general population) rather than another (segregation). Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of "custody."

Id. at 714 (citation and parenthetical omitted).

More directly to the point, the Tenth Circuit has not countenanced the use of § 2254 as a vehicle for challenging circumstances of confinement unrelated to the fact or duration of a prisoner's custody, and we hold that § 2254 is not available to Mr. Gee in the circumstances challenged in his petition.

The remaining question is whether § 2241 is available to Mr. Gee as a vehicle to seek a transfer from administrative segregation to the general prison population, as well as for other conditions of confinement relief.

This circuit has held that § 2241 most appropriately applies to government action that <u>inevitably</u> affects the "<u>duration</u> of the petitioner's custody." <u>McIntosh v. U.S. Parole Comm'n</u>, 115 F.3d 809, 812 (10th Cir. 1997) (emphasis added); <u>Boyce v. Ashcroft</u>, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges . . . to administrative segregation . . . or suspension of privileges . . . must proceed under § 1983. . . ."). Since, as explained above, Mr. Gee's petition challenges only administrative decisions affecting his day-to-day circumstances and prison privileges, then, under the facts presented here, § 1983, not § 2241, is the statute under which he must proceed.[2]

---

[2]Of course we do not express or imply any opinion with regard to the merits of a § 1983 action brought by Mr. Gee raising these same claims.

## C.

Requiring claims like those here to be pursued in a civil rights action does not risk their dismissal under the rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled that where success in a prisoner's § 1983 action would implicitly question the validity of conviction or length of detention then a successful habeas action must precede it. See Edwards v. Balisok, 520 U.S. 641 (1997). Obviously, since we hold here that Mr. Gee's claims cannot proceed under § 2254 or § 2241, the rule in Heck would not apply.[3]

Mr. Gee is neither expressly nor implicitly attacking his incarceration pursuant to his original judgment of conviction. And, he is not challenging the duration of his confinement. Accordingly, Heck would not apply to a subsequent civil rights action by him.

## CONCLUSION

We hold that Mr. Gee's claims cannot proceed under either § 2254 or § 2241. On the face of this petition, such a conclusion, and its concomitant and procedural dismissal, are not debatable by jurists of reason. Accordingly,

---

[3]In Muhammad, 540 U.S. at 751 n.1, the Supreme Court noted that "[t]he assumption is that the incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules."

-11-

Mr. Gee's application for a certificate of appealability is DENIED; his motion for leave to proceed in forma pauperis is DENIED; and, this proceeding is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge